## J. P. PATY v. R. G. DAVIS.

EVIDENCE. *Admissions to strangers as to barred debts,* Where the issue is whether the defendant promised to pay a debt barred by the statute of limitations, and the plaintiff has testified that he did, and the defendant that he did not, evidence of acknowledgments of the debt, made by the defendant to strangers is admissible as rebutting evidence, both to corroborate the plaintiff and to discredit the defendant's denial.

### FROM SMITH.

Appeal in error from the Circuit Court of Smith county. N. W. McCONNELL, J.

A. A. SWOPE and J. J. TURNER for Paty.

J. J. FORDE and VERTREES & VERTREES for Davis.

COOKE, Sp. J., delivered the opinion of the Court.

This action was predicated upon a promissory note, which upon its face was barred by the statute of limitations; and the only material issue, under the pleadings, was as to whether there had been a new promise to pay the note, so as to take it out of the bar of the statute. Upon the trial below, the plaintiff testified that the defendant had made such promise to him. And the defendant testified equally as positively that he had not so promised. The jury found the issue in favor of the plaintiff. • The defendant's motion for a new trial was overruled, and he appealed to this court.

There was evidence to support the verdict, and it will not be disturbed unless there was error committed by the court in the progress of the trial or in his charge to the jury. On the trial the plaintiff in rebuttal introduced several witnesses, who testified that the defendant had within the last three years stated to them that he was indebted to the plaintiff, and intended to pay him, some of them stating that he said he owed the plaintiff for his land, and that he would pay him if it broke him up. These statements were not made to the plaintiff, or in his presence, or to any agent, or any one acting for him. The testimony of these witnesses was objected to by the defendant, but as the record states, the objection was overruled, the court holding that while the new promise to pay must be made to the plaintiff, or some one acting for him, in order to remove the bar of the statute of

limitations, yet the testimony was competent to go to the jury, in corroboration of the plaintiff's testimony that the defendant had acknowledged the debt, and promised to pay it to him. We think the ruling of his Honor upon this question falls clearly within the principle decided by this court in the case of *Bank* v. *Robinson & Hall*, 1 Bax., 479, and that the testimony was admissible, not only for the purpose for which it was allowed to go to the jury, but also as a circumstance tending to discredit the denial of the defendant that he owed the debt, or had made such new promise to the plaintiff to pay it; and especially was this so as the defendant had himself proved a number of facts and circumstances designed to corroborate his statement, and to discredit that of the plaintiff.

The bill of exceptions shows that quite a number of special instructions were requested by the defendant, but fails to show at what time they were preferred, or what, if any action, was taken in regard to them by the court. The substance, however, of such of them as was proper to be given was embraced in the general charges which we think was correct, and sufficiently explicit upon all the material questions raised by the record. In this view it is unnecessary to decide whether the court could be put in error, even if the charges were such as should have been given, without showing what action had been taken in regard to them, or at least a refusal by the court to take any action upon them.

The Referees have reported that there is no error

in the record, and that the judgment of the circuit court should be affirmed. The exceptions to the report must be overruled, the report confirmed, and judgment entered accordingly.